UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:

Cheryl Chuby,

    Debtor.
_____/

Case No. 12-40550
Chapter 7
Hon. Walter Shapero

American Discount Cycle Mart, Inc.
American Cycle Mart, Inc., Car Buyer Direct, Inc.
Helen C. Perry Deceased, Intestate Estate of Helen M. Perry,
HMP Family LLC, MC Perry Enterprises, Inc., Individually,

    Plaintiffs

v.

Adv. Pro. 12-05218

Cheryl Chuby, Vincent G. Chuby, Al Tawse, Leslie Tawse,
Robert Tawse, Wixom Towing, LLC., Jointly and Severally,

    Defendants.
_____/

## OPINION GRANTING THE TAWSE DEFENDANTS' MOTION FOR PERMISSIVE ABSTENTION

### INTRODUCTION

Plaintiffs filed this adversary proceeding, seeking non-dischargeability and relief against the Debtor under 11 U.S.C. § 523 (a)(4) and (a)(6) and § 727. Plaintiffs also asserted various other related counts of conspiracy and conversion against both the Debtor and other non-filing Defendants. Several of the non-filing Defendants, other than the Debtor, have moved for abstention and/or remand on all counts other than the § 523 and § 727 counts against the Debtor.

1

BACKGROUND

Prior to the filing of this adversary proceeding, there were proceedings in the Oakland County Circuit Court (the "state court"). The essential basis of that suit was that the defendants (including the debtor) in this adversary proceeding (other than Vincent Chuby, who was not a Defendant in that state court proceeding) conspired to convert vehicles belonging to the Plaintiffs named in that suit and effectuated that conversion and concealed their conduct in doing so. That suit proceeded until one of the Defendants, Cheryl Chuby ("Debtor"), filed her bankruptcy case in January 2012, causing the state court proceedings to be stayed as to her. Plaintiffs then filed this adversary proceeding (a) alleging state law claims against each of the Defendants based on substantially the same facts and claims as the stayed state court suit and (b) seeking against Debtor the noted § 523 (a)(4) and (a)(6) and § 727 non-dischargeability remedies and liability arising from those claims. This adversary proceeding names as Plaintiffs some individuals and/or entities that were not Plaintiffs in the state court action, as well as an additional defendant, the Debtor's son Vincent Chuby.

Defendants Al Tawse, Leslie Tawse, Robert Tawse, and Wixom Towing, LLC (collectively, the "Tawse Defendants") filed the present motion for dismissal of Plaintiffs' complaint or, in the alternative, for abstention. The Tawse Defendants' motion requested this relief with relation to Plaintiffs' counts VI through XII, as relate to the Tawse Defendants (the "Contested Counts").[1]

---

[1] The Amended Complaint contains some ambiguity as to whom the Contested Counts are being brought against (the § 523 and § 727 counts however, are clearly against the Debtor alone). The Amended Complaint states at ¶ 29 "The individual party Defendants named above are referred to collectively herein as the 'Individual Defendants.'" This term presumably would by definition include Debtor, though it appears that Plaintiffs may have only intended for it to include Al Tawse, Leslie Tawse, and Robert Tawse. Counts VII through IX are brought against "the Individual Defendants and Wixom Towing." Counts X and XI relate to "All Defendants." Count XII relates to "Fraudulent Conveyances by Debtor

2

The Contested Counts are for statutory conversion, common law conversion, unjust enrichment, civil conspiracy, fraudulent conveyances, and an unnamed count that sounds in the nature of interference with business relations. The motion agrees that counts I through VI of the Amended Complaint, which are the § 523 and § 727 counts relating solely to Debtor, are not subject to the motion.

The effect of the requested relief, if granted, would essentially bifurcate the total litigation, allowing the Tawse Defendants to return to the state court to continue to litigate the Contested Counts there, and leave in this Court the § 523 and § 727 counts, the adjudication of which necessarily includes a determination of Debtor's role in, and liability arising from, the alleged conspiracy or other alleged acts.

The Tawse Defendants argue that the Contested Counts against them are sufficiently separate and distinct as to make this proceeding subject to dismissal, mandatory abstention, or permissive abstention. They argue this Court lacks "related-to" jurisdiction for the Contested Counts against the Tawse Defendants. Plaintiffs argue that there is significant factual interrelatedness between the conduct of Debtor and that of the Tawse Defendants, and that the outcome of the litigation against the collective Defendants could potentially impact the size of Debtor's bankruptcy estate and potential distributions to creditors.

---

Chuby to other Defendants." This Opinion presumes that, insofar as any of these counts may relate to the Debtor (if at all), such counts are not separate actions against her, but rather are wholly encompassed by the § 523 and § 727 counts. The order effectuating this Opinion, which shall be prepared by the Tawse Defendants, shall be worded to clear up this ambiguity and reflect this Court's presumptions.

3

<u>DISCUSSION</u>

Viewed in its realistic entirety, and except for the § 523 and § 727 aspects of the complaint in this proceeding, the substantive case in the state court and this adversary proceeding are essentially mirror images of one another. That is to say, in essence, they allege that Debtor, together with the moving Tawse Defendants, mutually and severally conspired or engaged in courses of conduct with the intent and effect of depriving Plaintiffs of their ownership, possession, and interests in various vehicles; that such conduct is actionable; and that each of the Tawse Defendants, along with (and perhaps primarily) Debtor, is liable on the basis of the various theories asserted by Plaintiffs. Secondarily, and as a result of any success in such an action, particularly as against Debtor, the resulting debt is alleged to be either non-dischargeable or the basis for denial of discharge.

While, as noted, the Tawse Defendants assert various grounds for dismissal or abstention in their motion, the Court has concluded the most appropriate one to consider, and the one that is dispositive here, is permissive abstention pursuant to 28 U.S.C. § 1334(c)(1). The factors considered in the analysis under that provision are quite well settled, i.e.:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable law;
> (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than the form of an asserted core proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the bankruptcy court's docket;

4

12-05218-wsd    Doc 45    Filed 06/28/13    Entered 06/28/13 15:04:34    Page 4 of 7

>  (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
>  (11) the existence of a right to a jury trial; and
>  (12) the presence in the proceeding of non-debtor parties.

Watson v. Zigila, 2010 WL 3582504 at *5 (E.D. Mich. 2010) (quoting Delphi Automotive Systems, LLC v. Segway, Inc., 519 F.Supp.2d 662, 670-71 (E.D. Mich. 2007)).

Other than the § 523 and § 727 aspects of the complaint, which involve only the Debtor, many if not most of these factors favor permissive abstention. State law predominates; there is a pending state court proceeding that has proceeded for over one year and was moving toward trial; the basis for Bankruptcy Court jurisdiction over the counts against the Tawse Defendants is tenuous at best; in this Court's view, there is an element of forum-shopping by Plaintiffs, including, but not limited to, the purpose of adding Vincent Chuby as a Defendant; there may be a right to a jury trial in the state court and the basis for a jury trial in the Bankruptcy Court is not clear and, in any event, such would be inapplicable for the § 523 and § 727 aspects of this proceeding; and obviously the Tawse Defendants are non-debtor parties.

The complicating fact in this situation is that the bases for the § 523 and § 727 claims against Debtor in this Court, rest upon a decision or conclusion that she was essentially part of the alleged conspiracy or concerted conduct involving her and the non-debtor Tawse Defendants. If this Court did not abstain, a salutary result would be that only one Court, this Court, would be making the decision, as opposed to two separate Courts doing so based upon the same facts, which raises the possibility of conflicting or inconsistent decisions. If this Court abstains and the litigation is bifurcated, the state court (likely with the Debtor being involved as a witness, but not a party) might find the Tawas Defendants liable as part of a conspiracy involving the Debtor, but this Court might not find the Debtor liable on essentially the same facts. In a trial before this

5

Court, including, but not limited to, the § 523 and § 727 aspects against Debtor, the Tawas Defendants will likely be similarly involved as non-party witnesses.  Having moved for dismissal or abstention on the indicated counts alleged by Plaintiffs in the adversary proceeding, the Tawse Defendants have apparently assessed these possibilities, and have reconciled themselves, and are agreeable to being involved in essentially the same case, both as Defendants in the state court and as non-party witnesses in this Court.  Under any scenario, the § 523 and § 727 aspects of the complaint (a) will be tried in the Bankruptcy Court; and (b) are to a large extent premised on proofs to be presented in the Bankruptcy Court of Debtor's involvement in the same alleged course of conduct that would be involved in the state court action against the Tawse Defendants. While it might be preferable from the standpoint of overall judicial efficiency and practical concerns to try the entire case in one Court  this consideration does not outweigh the other factors that on balance favor permissive abstention.

Plaintiffs also argue the bankruptcy estate might be enhanced by the outcome of this adversary proceeding if it is determined that Plaintiffs' allegations against Debtor are without merit, i.e. if the claimed debt is found to be nonexistent, Debtor's liabilities would be lessened and a higher payout to other creditors could result.  While not particularly relevant to the permissive abstention analysis, and even if it were, that very speculative fact carries little weight in determining the result.

CONCLUSION

For the foregoing reasons and on the basis of permissive abstention, this Court grants the Tawse Defendants' motion with regard to the stated counts.  Given this result, this Court need not discuss the other issues.  The Tawse Defendants shall present an appropriate order.

.

**Signed on June 28, 2013**

                                          **/s/ Walter Shapero**
                                **Walter Shapero**
                                **United States Bankruptcy Judge**